# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

FILED-USDC-NDTX-DA
'26 FEB 20 AM 9:27

Joe Hunsinger
  Plaintiff Pro-Se'

Case No:

V.

ALBERTSONS COMPANIES INC.
  Defendant

3-26CV0558-X

# COMPLAINT

## PARTIES

1.01 Joe Hunsinger is a an individual citizen of Texas and a resident of this District.  Plaintiff is, and at all times mentioned herein, a "person" as defined by 47 USC Section 153(39).

1.02 Defendant Albertson Companies, Inc. (Albertsons or Defendant), is a Delaware corporation whose principal offices are located at 250 Parkcenter Boulevard, Boise, Idaho, and whose Registered Agent for service of process in the State of Idaho is CT Corporation System, 1555 W Shoreline Dr., Ste. 100, Boise, ID 83702.  Albertsons is not in the military.

1.03  Albertsons is one of the largest food and drug retailers in the United States, with over 2,200 stores in 34 states and the District of Columbia. Albertsons Companies' banners include Albertsons and Tom Thumb.

1.04  Defendant utilized telephone number 877-505-4040 to make and receive calls from the Plaintiff.  Exhibit D 11

1.05  Defendant is, at all times mentioned herein, a "person" as defined by 47 USC Section 153(39).

1.06 Defendant uses telemarketing to promote their sale of goods to their customers.

## JURISDICTION AND VENUE

2.01  This court has personal specific jurisdiction pursuant to 28 USC Section 1331 and 47 USC.  This Court has jurisdiction over Defendant because its actions giving rise to the claim were targeted at this district.  This Court has personal jurisdiction over defendants, as they conduct business in the State of Texas and target its business activities towards the Plaintiff, an individual in the state of Texas and causes harm to Plaintiff within this judicial district.

## INTRODUCTION

3.01  In 1991, President George H.W. Bush signed into law the TCPA, which was passed in a bi-partisan manner, to protect consumers' privacy rights; specifically, the right to be left alone from unwanted telemarketing calls.

3.02  A leading sponsor of the TCPA described telemarketing "robocalls" the scourge of modern civilization." 137 Cong. Rec. 30821 (1991).

3.03  The TCPA, through the accompanying Code of Federal Regulations, 47 C.F.R. § 64.1200 et seq., affords special protections for people who registered their phone numbers on the National Do Not Call Registry.

3.04  Where a consumer's phone number is registered on the Do Not Call registry, the TCPA requires that telemarketers provide clear and conspicuous notice to the consumer that it will be making telemarketing calls for solicitation or advertising purposes, and requires that the consumer provide express written consent.

3.05  Section 227(c) provides a private right of action to a person who received tow or more calls within a year in violation of the Federal Communications Commission's regulations.  The regulations prohibit a telemarketer from calling a residential telephone subscriber whose number is registered on the National Do Not Call Registry.  See 47 CFR Section 64.1200(c)(2).

3.06 To state a claim under Section 227(c)(5) of the TCPA provides that each person who receives more than one call within a 12-month period on their phone, where that person did not provide express written consent upon a clear and conspicuous disclosure from the telemarketer, after the phone number was registered on the National Do Not Call Registry for more than 31 days is entitled to recover a penalty of $500 per call, and up to $1,500 per call if the TCPA is willfully or knowingly violated.

3.07 47CFR Section 64.1200(d) - The TCPA was enacted by Congress, and Congress gave the FCC authority to enact regulations to fulfill the purpose of the TCPA. Those regulations are in 47 CFR § 64.1200. Section (d) requires telemarketers to have and maintain a telemarketer-specific DNC list.

3.08 47CFR Section 64.1200(d)(4) - Failure to "provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted."

3.09 Congress has found that interstate telemarketing fraud has become a problem of such magnitude that the resources of the Government are not sufficient to ensure adequate consumer protection from such fraud.

3.10 Private suits can seek either monetary or injunctive relief.  This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the "TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." Krakauer v. Dish Network, LLC., 925 F.3d 643, 649-50 (4th Cir. 2019).

3.11  As a result, in enacting the TCPA, Congress intentionally created a legally enforceable bounty system, not unlike qui tam statutes, to incentivize the assistance of aggrieved private citizens to act as "private attorneys general" in enforcing federal law.

## TCPA BACKGROUND

4.01  The TCPA and implementing regulations prohibit the initiation of telephone solicitation to residential telephone subscribers before 8 am and after 9 pm and similarly provides a private right of action against any entity that makes those telephone solicitations, or "on whose behalf" such telephone solicitations are made.  47 USC Section 227(c)(5); 47 CFR Section 64.1200(c)(1)

4.02  14.In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . .can be an intrusive invasion of privacy[,]" and found that federal legislation was needed because "telemarketers [could] evade [state-law] prohibitions through interstate operations.'" Mims v.Arrow Fin. Servs., LLC, 565 U.S. 368, 372 (2012) (citations omitted).

4.03  The TCPA establishes a national "do not call" database of numbers not to be called. In *the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of* 1991, 18 FCC Rcd. 14014 ("DNC Order").

4.04  These regulations are codified at 47 C.F.R. § 64.1200(c)(1-2).

4.05  Specifically, a company may not initiate any "telephone solicitation" to a telephone subscriber "who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. § 64.1200(c)(2).

4.06. A violation of 47 C.F.R. § 64.1200(c) carries statutory damages of $500 to $1,500 per call through § 227(c) of the TCPA.

4.07 Turning to the merits of the motion, the U.S. Supreme Court has recognized there is vicarious liability for TCPA violations under "federal common-law principles of agency." See Campbell-Ewald Co. v. Gomez, 577 U.S. 153, 168 (2016), as revised (Feb. 9, 2016). See also Golan v. FreeEats.com, Inc., 930 F.3d 950, 961 (8th Cir. 2019) (allowing instruction for vicarious liability under the TCPA). "[A] defendant may be held vicariously liable for TCPA violations where the plaintiff establishes an agency relationship, as defined by federal common law, between the defendant and a third-party caller." Gomez v. Campbell-Ewald Co., 768 F.3d 871, 877–79 (9th Cir. 2014), aff'd, 577 U.S. 153 (2016).

4.08 A formal agency relationship between the "Telemarketer" and "Seller", or alternatively, that there was apparent authority and ratification, such that the "Seller" may be held vicariously liable for a "Telemarketer's" phone calls to Plaintiff. Prosser v. USHealth Advisors, LLC, No. 4:23-CV-124-MTS, 2023 WL 5093872, at *2 (E.D. Mo. Aug. 9, 2023).

4.09 Courts are legally bound to give great deference to the FCC's interpretations of the TCPA and its own regulations. FCC v. WNCN Listeners Guild, 450 U.S. 582, 598, 101 S.Ct. 1266, 1276, 67 L.Ed.2d 521 (1981) ("the construction of a statute by those charged with its execution should be followed unless there are compelling indications that it is wrong . . .").

4.10 Plaintiff has an "established business relationship" (as that term is defined under the TCPA and as interpreted by the FCC) with the Defendants.

4.11 Consent cannot be "presumed." The TCPA and the Commission's rules plainly require express consent, not implied or "presumed" consent. In re Rules and Regulations Implementing the TCPA, 30 FCC Rcd. 7961, 7991, 2015 WL 4387780, at *20, ¶ 52 (2015).

4.12 The TCPA places no affirmative obligation on a called party to opt out of calls to which he or she never consented; the TCPA places responsibility on the caller alone to ensure that he or she has valid consent for each call made. In re Rules and Regulations Implementing the TCPA, 30 FCC Rcd. 7961, 8004, 2015 WL 4387780, at *29, ¶ 81 (2015).

4.13 The FCC has declared that "[p]urporting to obtain consent during the call... does not constitute the *prior* consent necessary to deliver the message in the first place as the request... is part of the telemarketing." In re *Rules and Regulations Implementing the TCPA*, 18 FCC Rcd. 14014, 14019, 2003 WL 21517853, at *49, ¶ 142 (2003) [Emphasis as in original].

4.14 A text message is a "call" within the meaning of the TCPA. Campbell-Ewald Co. v. Gomez, 577 U.S. 153, 156, 136 S. Ct. 663, 667, 193 L. Ed. 2D 571 (2016); Breda v. Cellco P'ship, 934 F.3d 1, 4 (1st Cir. 2019) ("The TCPA also applies to ... Text messages."). Satterfield v. Simon & Schuster, Inc., 569 F.3d 946, 954 (9th Cir. 2009).

4.15 47 C.F.R. § 64.1200(a)(2) additionally states, with respect to advertisement and telemarketing calls—of which Defendant's texts to Plaintiff are— that "[n]o person or entity may . . . [i]nitiate or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, using an automatic telephone dialing system or an artificial or prerecorded voice, to any of the lines or telephone numbers described in paragraphs (a)(1)(i) through (iii) of this section, other than a call made with the prior express written consent of the called party ..."

4.16 47 C.F.R. § 64.1200(f)(8) defines "prior express written consent" as "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which

the signatory authorizes such advertisements or telemarketing messages to be delivered."

4.17   As of October 16, 2013, unless the recipient has given prior express written consent, [1] the TCPA and Federal Communications Commission ("FCC") rules under the TCPA generally:

• Prohibit solicitors from calling residences before 8 a.m. or after 9 p.m., local time
• Require that solicitors provide their name, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which that person or entity may be contacted. [2]
• Prohibit solicitations to residences that use an artificial voice or a recording.
• Prohibit any call or text made using automated telephone equipment or an artificial or prerecorded voice to a wireless device or cellular telephone.
• Prohibit any call made using automated telephone equipment or an artificial or prerecorded voice to an emergency line (e.g., "911"), a hospital emergency number, a physician's office, a hospital/health care facility/elderly room, a cellular telephone, or any service for which the recipient is charged for the call.
• Prohibit autodialed calls that engage two or more lines of a multiline business.
• Prohibit unsolicited advertising faxes.
• Prohibit certain calls to members of the National Do-Not Call Registry.

4.18 Accordingly, the entity can be liable under the TCPA for a call or text made on its behalf, even if the entity did not directly place the call or send the text. Under those circumstances, the entity is deemed to have initiated the call through the person or entity.

-------------------------------------------------------------------------------------------

[1]   Prior express written consent means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(8).
[2]   Defendant properly identified themselves under 47 CFR Section 64.1601(e).

## STANDING

5.01  Plaintiff is the customary user of the called telephone line, is the one that was the actual recipient of the telephone calls at issue in this complaint, and suffered the nuisance and invasion of privacy of same. Thus, Plaintiff has standing to bring this action for alleged violations of TCPA's provisions. Leyse v. Bank of America Nat. Ass'n, 804 F.3d 316, 324 (3rd Cir., 2015).

5.02  Standing is proper under Article III of the Constitution of the United States of America because Plaintiff's claims state: (a) a valid injury in fact; (b) which is traceable to the conduct of Defendant; and (c) is likely to be redressed by a favorable judicial decision. See, Spokeo, Inc. v. Robins, 136 S.Ct. 1540, 1547 (2016); Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). [3]

## The "Injury in Fact"

6.01  Plaintiff's injury in fact must be both "concrete" and "particularized" in order to satisfy the requirements of Article III of the Constitution, as articulated in Spokeo. Spokeo, 136 S.Ct. at 1547. 68. For an injury to be "concrete" it must be a de facto injury, meaning that it actually exists. Soppet v. Enhanced Recovery Co., LLC, 679 F.3d 637, 638 (7th Cir. 2012). In this case, Defendant made numerous unsolicited telephone communications to Plaintiff's cellular telephone. Such phone communications are a nuisance, an invasion of privacy, and an expense to Plaintiff. All three of these injuries are concrete and de facto. 69. For an injury to be "particularized" means that the injury must "affect the Plaintiff in a personal

-----------------------------------------------------------------------------------------------

[3]    Plaintiff complains about the calls he received from paragraph 10.32 of his complaint, Affidavit of Joe Hunsinger and Exhibits D  evidence the traceability of the conduct of the Defendant.

and individual way." Spokeo, Inc., 136 S.Ct. at 1543. In this case, Defendant invaded Plaintiff's privacy and peace by directing unsolicited telephone calls to Plaintiff's cellular telephone. Furthermore, Plaintiff was distracted, inconvenienced, and annoyed by having to take time to see who was calling and silencing or ignoring Defendant's calls. All of these injuries are particularized and specific to Plaintiff.  [4]

## The Injury is "Traceable to the Conduct of Defendant"

7.01 The second prong required to establish standing at the pleadings phase is that Plaintiff must allege facts to show that its injuries are traceable to the conduct of Defendant.

7.02 The mentioned unsolicited phone communications [5] were linked to Defendant. The text messages specifically stated they were from Defendant. These unsolicited telephone communications are the source of Plaintiff's injuries and traceable to Defendant. Thus, Plaintiff has illustrated facts that show that Plaintiff's injuries are traceable to the conduct of Defendant

## The "Injury is Likely to be Redressed by a Favorable Judicial Opinion"

8.01   The third prong to establish standing at the pleadings phase requires Plaintiff to allege facts to show that the injury is likely to be redressed by a favorable judicial opinion.

8.02   In the present case, Plaintiff's Request for Relief includes a request for injunctive relief and statutory damages for each phone communication made by Defendant to cellular numbers who did not previously consent to receive

-------------------------------------------------------------------------------------------

[4]   See Plaintiff's Complaint paragraphs 5.01, 6.01, and 10.36.
[5]   See Plaintiff's Complaint paragraphs 10.32 and Exhibits D.

telephone solicitation communications to their cellular phones from Defendant, as authorized by statute in 47 U.S.C. § 227. The injunctive relief and statutory damages were created by Congress and specifically redress the damages suffered by Plaintiff.

8.03  Because all standing requirements of Article III of the U.S. Constitution have been met, Plaintiff has standing to sue Defendant on the stated claims.

## **PERSONAL LIABILITY**

9.01  When considering individual corporate officer liability, other Courts have agreed that a corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. See, e.g., Jackson Five Star Catering, Inc. v. Beason, No. 10- 10010, 2013 WL 5966340, *4 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA where they haddirect, personal participating in or personally authorized the conduct found to have violated the statute.") (internal citation omitted); Maryland v. Universal Elections, 787 F. Supp. 2d 408, 415-16 (D.MD. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

## **FACTUAL ALLEGATIONS**

10.01  Plaintiff is the user of cellular telephone number ending in 7677.

10.02  Plaintiff's cellular phone number ending in 7677 is used primarily used for residential purposes.

10.03  Plaintiff's telephone number ending in 7677 has been on the National Do Not Call Registry since 1-6-2006.  Exhibit C

10.04  Plaintiff registered his phone number his telephone number on the National Do Not Call Registry to obtain solitude from unwanted and invasive telemarketing calls.

10.05   Plaintiff did not consent or provide permission for Defendant to place telemarketing calls about sales or promotions to his telephone number ending in 7677.

10.06   Despite the fact that Plaintiff's phone number had been registered on the National Do Not Call Registry at all times, he has been inundated with telemarketing text messages of sales and promotions from the Defendants.

10.07   Defendant did not have a Do Not Call policy in place when they placed their calls to the Plaintiff.

10.08   Defendant is the registered owner of phone number 877-505-4040.

10.09   Defendant knows the laws of the TCPA.

10.10   Plaintiff received telemarketing text messages from phone number 877-505-4040.

10.11   Defendant programmed their calls to Plaintiff to display the name "Tom Thumb Promotions" on Plaintiff's caller ID.

10.12   An example of a telemarketing text Plaintiff received on 10-6-2025, 10-22-2025, and 10-24-2025 is below on the next page:     Exhibit D 1, 3, and 5



10.13  As demonstrated by the above screenshots, the purpose of Defendant's text messages was to solicit the sale of consumer goods and/or services.

10.14  As demonstrated by the above screenshots, the purpose of Defendant's text messages was to advertise, promote, and/or market Defendant's property, goods, and/or services.

10.15  Plaintiff is not, and was not, interested in Defendants sales or promotions, solicitations or telemarketing.

10.16  Plaintiff estimates he received nine telemarketing text messages from Defendant from their Tom Thumb Promotions.

10.17  On several occasions Plaintiff instructed the Defendant to stop sending him solicitation text messages:



10.18   Defendant did not honor Plaintiffs stop requests.  Defendant continued to send Plaintiff solicitation text messages.

10.19   Defendant sent at least two text marketing messages after Plaintiff's initial opt-out request.

10.20   Plaintiff did not give Defendant prior express consent or prior express written consent to send text messages to his cellular telephone number.

10.21   Plaintiff did not give Defendant prior express invitation or permission to send advertisement or marketing text messages to his cellular telephone number.

10.22   Defendant sent the text messages at issue for non-emergency purposes.

10.23   Upon information and belief, Defendant sent the text messages at issue voluntarily.

10.24  Defendant did not have a Do Not Call Policy and do not have and maintain a Do Not Call List at the time when they placed their calls.

10.25  Defendant were aware of and knew they did not have a Do Not Call Policy and did not have or maintain a Do Not Call List when they sent telemarketing texts to the Plaintiff.

10.26  Defendant's refusal to honor Plaintiff's opt-out request demonstrates that Defendant does not maintain a standalone do-not-call list. The precise details regarding its lack of training are solely within Defendant's knowledge and control.

10.27  Upon information and belief, Defendant maintains and/or has access to outbound transmission reports for all text messages sent advertising/promoting its services and goods. These reports show the dates, times, target telephone numbers, and content of each message sent to Plaintiff.

10.28  Defendant, a Seller defined by 47 CFR 64.1200(f)(10).

10.29  Defendant was previously sued for sending unwanted telemarketing texts messages between 6-1-2023 to the date of the preliminary approval of settlement.

10.30  The Preliminary Approval was executed on 7-11-2025.

10.31  Plaintiff complains of telemarketing solicitations sent to him via text messages from Defendant, after the date of the executed Preliminary Approval.

10.32  Plaintiff received the following texts from Defendant from telephone phone number 877-505-4040:  (See Exhibit D 1 through 11)

| Date | Time | Phone number From Plaintiff's caller ID | Content of Communication |
|---|---|---|---|
| 10-6-2025 | 12:53 PM | Tom Thumb Promotions | Offering sales of goods |
| 10-6-2025 | 12:58 PM | Tom Thumb Promotions | Response   [6] |
| 10-6-2025 | 12:58 PM | Tom Thumb Promotions | Response   [7] |
| 10-22-2025 | 11:36 AM | Tom Thumb Promotions | Offering sales of goods |
| 10-22-2025 | 11:56 AM | Tom Thumb Promotions | Response   [8] |
| 10-24-2025 | 11:17 AM | Tom Thumb Promotions | Offering sales of goods |
| 11-12-2025 | 11:42 AM | Tom Thumb Promotions | Offering sales of goods |
| 11-12-2025 | 11:51 AM | Tom Thumb Promotions | Response   [9] |
| 11-12-2025 | 11:52 AM | Tom Thumb Promotions | Response   [10] |
| 11-13-2025 | 12:38 PM | Tom Thumb Promotions | Offering sales of goods/ Graphic image |
| 11-13-2025 | 12:38 PM | Tom Thumb Promotions | Offering sales of goods |
| 11-23-2025 | 10:11 AM | Tom Thumb Promotions | Offering sales of goods |
| 11-28-2025 | 10:08 AM | Tom Thumb Promotions | Offering sales of goods |
| 12-4-2025 | 12:12 PM | Tom Thumb Promotions | Offering sales of goods |

-------------------------------------------------------------------------------------------------

[6]   The text message Plaintiff received on 10-6-2025 at 12:58 PM is not a violation of the TCPA because Plaintiff instructed Defendant to "Stop." and received the following response from Defendant: "We're sorry, we don't recognize that keyword.  Please try another, or text HELP for assistance.  Msg&Data Rates May Apply.  Txt STOP to end."  Exhibit D 1.

[7]   See [1].   Plaintiff again instructed Defendant to "Stop."   Defendant's response to Plaintiff's instructions to stop is not a violation of the TCPA.   See Exhibit D 2.

[8]   The text message is not a TCPA violation because Plaintiff received a response from his text to Defendant when he complained about the unwanted solicitations:  "My number is registered on the DNC Registry.  Stop all solicitations. 10-22-2025"  See Exhibit D 3.

[9]   Not a violation of the TCPA because Defendant was responding to Plaintiff's "Stop!!!!!"  See Exhibit D 5.

[10] Not a violation of the TCPA because Defendant was responding to Plaintiff's "Stop!!!!!!!"  See Exhibit D 6.

10.33 Defendant's failure to (1) maintain the required written policies and procedures, (2) provide training to its personnel engaged in telemarketing, (3) maintain a standalone do-not-call14 list, and (4) honor consumer opt-out requests caused Plaintiffs harm as he continued to receive text message solicitations after asking for those messages to stop.

10.34    Plaintiffs terminated any business relationship he may have previously had with Defendant by replying with a "stop" or similar opt-out instruction in response to Defendant's text messages.

10.35    Defendant's violations were negligent.

10.36    Plaintiff was damaged by the violations alleged herein.  His privacy was improperly invaded, Defendant's calls temporarily seized and trespassed upon the use of his phone, and he was forced to divert attention away from other activities to address the unwanted calls. The calls were annoying and a nuisance, invasion of pricacy, and caused Plaintiff physical sickness.

10.37   The foregoing acts and omissions were in violation of the 47 USC Section 227.

10.38   Plaintiff has limited data storage capacity on his cellular telephone. Incoming telemarketing texts consumed part of this capacity.

10.39   Defendant sent solicitations

10.40   Plaintiff was located inside of Texas at all times during the texts at issue.

## DEFENDANT'S LIABILITY UNDER THE TCPA

11.01 Defendant places text messages to Plaintiff, whose phone number is listed on the Do Not Call Registry.  "Robocalls and robotexts are nuisances.  Congress

banned them in the [TCPA]." Cranor v 5 Star Nutriction, LLC., 998 F.3d 686, (5th Cir. 2021).

11.02   Plaintiff did not give Defendant prior express invitation or consent in writing for Defendant to call or text Plaintiff's Cell Phone for marketing or solicitation purposes.

11.03   Defendants made two or more telephone solicitations to Plaintiff whose number was on the Do Not Call Registry at the time of the calls.  This constitutes a violation of 47 USC Section 227(c)  Through 47 CFR Section 64.1200(c).

11.04   Defendant sent text messages to Plaintiff without the use of human intervention.

11.05   The text messages Defendant sent were sent using an ATDS.

11.06   Defendant has a large database of phone numbers, sent communications to Plaintiff without his express consent, and uses a system for sending mass text messages due the the volume of customers.  This demonstrates that Defendant utilized an ATDS to tansmit text messages to Plaintiff.

11.07   The impersonal and generic nature of the text messages, the volume of mass messaging demonstrate Defendant utilized an ATDS to transmit text messages to Plaintiff.

11.08   Upon information and belief, each of the text messages that Plaintiff received were sent using an ATDS used to send massive numbers of unsolicited text messages to residential and/or cell phone owners. On information and belief, Defendants' auto dialers store lists of telephone numbers to be called (or to send text messages to) and uses random or sequential number generator to determine the dialing or texting order of the calls.  On information and belief, Defendants' auto dialers store the "leads" into a database, and generate either random or

sequential numbers to indicate the calling order for the leads. Sequential numbers would be used to dial the numbers for the "leads" in the order they are stored in the database, or in another order determined by the specific programming of the auto dialer system. Random numbers would be used to dial the numbers for the "leads" in a shuffled dialing order. The system can then dial the phone numbers that were stored in the database using either the random or sequential number generated. On information and belief, when Defendant gather additional information about Plaintiff – for example that he responded to a text message, this information is noted on his file within the ATDS. Plaintiff is presently unaware of the precise technical details of Defendant's various auto dialer systems, however upon a reasonable opportunity for discovery expects to be able to discover the same. See Scherrer v. FTP Operating Co., LLC, 2023 WL 4660089 (D. Colo. July 20, 2023).

11.09  One solicitation message sent with an ATDS is sufficient for Plaintiff to have Article III standing.

11.10  Plaintiff is entitled to an additional $1500 per call if Defendants actions are found to be knowing or willful.

## FIRST CAUSE OF ACTION

12.01  Plaintiff incorporate the foregoing allegations as if fully set forth herein.

12.02  Defendant placed text messages to Plaintiff without having his prior express written consent to do so.

12.03  The text messages were made for the express purpose of soliciting Plaintiff with Defendants goods or services.

12.04  When Plaintiff saw the communication, he saw to his messages in violation of, as proscribed by 47 U.S.C. § 227(b)(1)(A)(iii).

12.05  As a result of its unlawful conduct, Defendant's text messages repeatedly invaded Plaintiff's personal privacy, and under 47 U.S.C. § 227(b)(3)(B), entitling him to recover $500 in statutory damages for each violation and an injunction requiring Defendant to stop its illegal calling campaign.

12.06  Defendant made the violating calls "willfully" and/or "knowingly" under 47 U.S.C. Section 227(b)(3)(C).

12.07  Plaintiff is entitled to treble the award from $500 to $1500 per violation under 47 U.S.C. § 227(b)(3)(C) for willful and/or knowing conduct.

## SECOND CAUSE OF ACTION

13.01  Plaintiff incorporate the foregoing allegations as if fully set forth herein.

13.02  Defendant made, or had made on its behalf, calls constituting telephone solicitations to the Plaintiff's telephone number.

13.03  Defendant contacted the Plaintiff despite the fact that his phone number has been registered on the Do Not Call Registry since 10-17-2020.

13.04  Plaintiff received two or more such calls in a 12-month period from each Defendant.

13.05  The TCPA provides that it is a violation of the law for a person whose phone number is registered on the National do Not Call Registry to receive more than one solicitation call on their phone "within any 12-month period by or on behalf of the same entity."   See 47 USC Section 227(c)(1, (c)(5); 47 CFR Section 64.1200(c)(ii).

13.06  The TCPA defines a "telephone solicitation" as a "call or message for the purpose of encouraging the purchase of goods, or services which is transmitted to any person."  47 USC Section 227(a)(4).

13.07   The Federal Communications Commission's regulations implementing the TCPA provide that telephone solicitations cannot be made to a recipient without the recipient's "prior Express written consent."  See FCC 12-21, CG Docket 02-278 (effective October 16, 2013); CFR Section 64.1200(a)(2).

13.08   Plaintiff is entitled to an award of $500 in statutory damages from Defendant for each telephone solicitation call pursuant to    47 USC Section 227(c)(5).

13.09   Plaintiff is entitled to an award of treble damages in an amount up to $1500 for each telephone solicitation call made knowingly and/or willfully, pursuant to 47 USC Section 227(c)(5).

## THIRD CAUSE OF ACTION

### (Violation of the TBCC Tex. Bus. & Com. Code § 305 *et seq.*)

14.01   Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

14 .02   Plaintiff is a "person" as defined by Texas Business & Commerce Code § 1-201(b)(27).

14.03   Defendant is a "person" as defined by Texas Business & Commerce Code § 1-201(b)(27).

14.04   Pursuant to Section 305-053(a) of the Texas Business & Commerce Code, a person who receives a communication that violates 47 U.S.C. § 227, or a regulation adopted under that provision, may bring an action against the person who originates the communication for an injunction, damages or both an injunction and damages.

14.05   As set forth above Defendant violated 47 U.S.C. § 227, or a regulation adopted under that provision.   Plaintiff is entitled to a permanent injunction to prevent any further violations of the Texas Business & Commerce Code, Chapter 305.

14.06   Pursuant to Section 305-053(b) of the Texas Business & Commerce Code, Plaintiff is entitled to the greater of $500.00 for each violation or Plaintiff's actual damages for each call negligently made by Defendant.

14.07   Each call, as detailed above, made by Defendant to Plaintiff violated 47 USC § 227(b). Therefore, Plaintiff also has a cause of action under Tex. Bus. & Com. Code § 305.053 for each call made.

14.08   Pursuant to Section 305-053(c) of the Texas Business & Commerce Code, Plaintiff is entitled to not more than the greater of $1,500.00 for each violation or three times Plaintiff's actual damages for each violation by Defendant that the Court finds was made knowingly or intentionally.

14.09   Sec. 305.055. CLAIMANT RECOVERY FOR VIOLATION. The fact that a claimant has recovered under a private action arising from a violation of this chapter more than once may not limit recovery in a future legal proceeding in any manner.

14.10   That Defendant be restrained from engaging in future telemarketing in violation of the TBCC.

## **TRIAL BY JURY**

Plaintiff demands a trial by jury under the 7th Amendment of the US Constitution.

## **CONCLUSION**

Plaintiff requests a copy of Defendants Do-Not-Call Policy to be sent to Plaintiffs address below.

Plaintiff alleges the following statutory damages described in his Complaint:

|  | STATUE | NUMBER OF VIOLATIONS | STATUTORY AMOUNT | WITH TREBLE DAMAGES |
|---|---|---|---|---|
| COUNT 1 | 227(b)(A)(iii) | 9 | $4,500 | $13,500 |
| COUNT 2 | 227(c)(5) | 9 | $4,500 | $13,500 |
| COUNT 7 | TBCC 305.053(b) | 18 | $9,000 | $27,000 |
|  |  |  | $18,000 | $54,000 |

Plaintiff is entitled to $18,000 in statutory damages. Because defendant's actions were willful or knowing, Plaintiff seeks treble damages of up to $1500 per violation. Yielding a total of $54,000 with treble damages. Plaintiff alleges that there are additional violations and calls that can only be established and determined through discovery and proven at trial.

Plaintiff requests everything he has asked for in his Complaint and other relief as the Court deems necessary.

/S/ JOE HUNSINGER

Joe Hunsinger – Pro se
7216 CF Hawn Frwy.
Dallas, Texas 75217
214-682-7677
joe75217@gmail.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS**

Joe Hunsinger
 Plaintiff Pro-Se'                                Case No:

V.

ALBERTSONS COMPANIES INC.
 Defendants

# INDEX OF EXHIBITS

Exhibit A    AFFIDAVIT OF JOE HUNSINGER

Exhibit B    EXCEL SPREADSHEET OF CALLS IN VIOLATION OF THE TCPA

Exhibit C    MY FEDERAL DO NOT CALL REGISTRATION VERIFICATION

Exhibit D    SCREEHSHOT OF THE CALLS

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

Joe Hunsinger
  Plaintiff Pro-Se'

Case No:

V.

ALBERTSONS COMPANIES INC.
  Defendants

## AFFIDAVIT OF JOE HUNSINGER

1   I, Joe Hunsinger, am of sound mind and body and am competent to testify as to these matters in my Complaint.

2   Exhibit B, Schedule A, is a true and correct copy of a spreadsheet detailing unsolicited marketing communications that I received from Defendant.

3   Exhibit B, Schedule A, shows the number calling me, the date and time of the communitication, if the communication was a call or a text, party identified in the communication, and details of the text message or offer made during the call.

4   Exhibit C is a true and correct copy of my confirmation of registration with the Federal Do Not Call list of my cell phone number ending in 7677.

5   Exhibits D are true and correct set of images of texts messages that I received and/or notes that I took each time that I was solicited via telephone.  Exhibit D shows some of my handwritten notes.

6   To the best of my knowledge I did not initiate information or services relating to goods or services from  Defendant.

7   To the best of my knowledge I did not give my express written consent to Defendant to initiate contact me with solicitations and telemarketing.



EXHIBIT A

PAGE 1

8    Albertsons Companies Inc. is the owner of phone number 877-505-4040.

9    Exhibits D evidences Albertsons Companies Inc. is the user of phone number 877-505-4040.

10    Defendant Albertsons Companies Inc. sent me telemarketing text messages using an ATDS.

11    Defendant Albertsons Companies Inc. sent me telemarketing text messages in violation of the TCPA 227(b)(1)(A)(iii).

12    My caller ID displayed the name of Tom Thumb Promotions.

13    I buy my groceries from Defendant but I do not want to receive telemarketing calls or texts, I just want to buy my food. When I instructed Defendant to stop I terminated all consent allowing Defendant to communicate with me with telemarketing calls and text messages.

14    Albertsons Companies Inc. sent me at least nine text messages from Tom Thumb Promotions attempting to sell me goods and services.

15    I registered my phone number on the Federal Do Not Call Registry in order to obtain solitude from unwanted and invasive telemarketing calls.

16    My phone number ending in 7677 is primarily used for residential purposes. I use it to talk to my family and friends, listening to and watch videos on YouTube, surf the internet, or Goodgle Maps when I want to find out how far away some place is from me or menus of restaraunts.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge. Executed February 20, 2025 in Dallas County.

_____
Joe Hunsinger



**EXHIBIT** A

**PAGE** 2

|  | A | B | C | D | E | F | G |
|---|---|---|---|---|---|---|---|
| 1 | **SCHEDULE A** | | | | | | |
| 2 | PHONE # / NUMBER OF CHARACTER | DATE | TIME | CALL OR TEXT | PARTY IDENTIFIED IN THE COMMUNICATION | CONTENT OF COMMUNICATION OR SOLICITATION MADE DURING THE COMMUNICATION | NO. OF TEXTS |
| 3 | | | | | | | |
| 4 | Tom Thumb Promotions | 10-6-2025 | 12.53 PM | TEXT | TOM THUMB | OFFERING SALES OF GOODS | |
| 5 | | **COMMENTS**: OFFERING GOODS FROM THEIR STORE. | | | | | 1 |
| 6 | Tom Thumb Promotions | 10-6-2025 | 12.58 PM | TEXT | | PLAINTIFF SENDING TEXT TO DEFENDANT | |
| 7 | | **COMMENTS**: PLAINTIFF RESPONDED TO DEFENDANT: "Stop". | | | | | 1 |
| 8 | Tom Thumb Promotions | 10-6-2025 | 12.58 PM | TEXT | TOM THUMB | DEFENDANT RESPONDING TO PLAINTIFF | |
| 9 | | **COMMENTS**: DEFENDANT RESPONDED: "We're sorry, we don't recognize that keyword. Please try another, or text HELP for assistance. Msg&Data Rates May Apply. Text STOP to end." | | | | | 1 |
| 10 | Tom Thumb Promotions | 10-22-2025 | 11.36 AM | TEXT | TOM THUMB | OFFERING SALES OF GOODS | |
| 11 | | **COMMENTS**: OFFERING FRIENDS AND FAMILY DISCOUNT FROM THEIR STORE. | | | | | 1 |
| 12 | Tom Thumb Promotions | 10-22-2025 | 11.48 AM | TEXT | | PLAINTIFF SENDING TEXT TO DEFENDANT | |
| 13 | | **COMMENTS**: PLAINTIFF SENT TEXT TO DEFENDANT: "My number is registered on the DNC Registry. Stop all solicitations. 10-22-2025" | | | | | 1 |
| 14 | Tom Thumb Promotions | 10-22-2025 | 11.56 AM | TEXT | | PLAINTIFF SENDING TEXT TO DEFENDANT | |
| 15 | | **COMMENTS**: DEFENDANT RESPONDED: "We're sorry, we don't recognize that keyword. Please try another, or text HELP for assistance. Msg&Data Rates May Apply. Text STOP to end." | | | | | 1 |
| 16 | Tom Thumb Promotions | 10-24-2025 | 11.17 AM | TEXT | TOM THUMB | OFFERING SALES OF GOODS | |
| 17 | | **COMMENTS**: OFFERING LAST CHANCE FRIENDS AND FAMILY DISCOUNT FROM THEIR STORE. | | | | | 1 |
| 18 | Tom Thumb Promotions | 11-12-2025 | 11.17 AM | TEXT | TOM THUMB | OFFERING SALES OF GOODS | |
| 19 | | **COMMENTS**: OFFERING GOODS FROM THEIR STORE. | | | | | 1 |
| 20 | | | | | | | |

**EXHIBIT** B

**PAGE** 1

|  | A | B | C | D | E | F | G |
|---|---|---|---|---|---|---|---|
| 21 |  |  |  |  |  |  |  |
| 22 | PHONE # / NUMBER OF CHARACTER | DATE | TIME | CALL OR TEXT | PARTY IDENTIFIED IN THE COMMUNICATION | CONTENT OF COMMUNICATION OR SOLICITATION MADE DURING THE COMMUNICATION | NO. OF TEXTS |
| 23 |  |  |  |  |  |  |  |
| 24 | Tom Thumb Promotions | 11-12-2025 | 11.51 AM | TEXT |  | PLAINTIFF SENDING TEXT TO DEFENDANT |  |
| 25 |  | **COMMENTS**:  PLAINTIFF RESPONDED TO DEFENDANT: "Stop!!!!!". |  |  |  |  | 1 |
| 26 | Tom Thumb Promotions | 11-12-2025 | 11.51 AM | TEXT | TOM THUMB | DEFENDANT RESPONDING TO PLAINTIFF |  |
| 27 |  | **COMMENTS**:  DEFENDANT RESPONDED: "We're sorry, we don't recognize that keyword. Please try another, or text HELP for assistance. Msg&Data Rates May Apply. Text STOP to end." |  |  |  |  | 1 |
| 28 | Tom Thumb Promotions | 11-12-2025 | 11.52 AM | TEXT |  | PLAINTIFF SENDING TEXT TO DEFENDANT |  |
| 29 |  | **COMMENTS**:  PLAINTIFF RESPONDED TO DEFENDANT: "Stop!!!!!!!". |  |  |  |  | 1 |
| 30 | Tom Thumb Promotions | 11-13-2025 | 12.38 PM | TEXT | TOM THUMB | OFFERING SALES OF GOODS/ GRAPHIC IMAGE |  |
| 31 |  | **COMMENTS**:  OFFERING  A 3-MONTH UBER ONE EXTENDED FREE TRIAL SAVE ON ELIGIBLE RIDES, DELIVERIES AND MORE |  |  |  |  | 1 |
| 32 | Tom Thumb Promotions | 11-23-2025 | 10.11 AM | TEXT | TOM THUMB | OFFERING SALES OF GOODS |  |
| 33 |  | **COMMENTS**:  OFFERING 10% COWBOYS FANS. |  |  |  |  | 1 |
| 34 | Tom Thumb Promotions | 11-28-2025 | 10.08 AM | TEXT | TOM THUMB | OFFERING SALES OF GOODS |  |
| 35 |  | **COMMENTS**:  OFFERING 50% OFF HOLIDAY DECOR & LIGHTING |  |  |  |  | 1 |
| 36 | Tom Thumb Promotions | 12-4-2025 | 12.12 PM | TEXT | TOM THUMB | OFFERING SALES OF GOODS |  |
| 37 |  | **COMMENTS**:  OFFERING 10% COWBOYS FANS. |  |  |  |  | 1 |



**EXHIBIT** B

**PAGE** 2

 Gmail                                    Joe Hunsinger <casa75217@gmail.com>

---

**National Do Not Call Registry - Your Registration Is Confirmed**

1 message

---

**Verify@donotcall.gov** <Verify@donotcall.gov>                     Fri, Oct 16, 2020 at 3:50 PM
To: CASA75217@gmail.com

Thank you for registering your phone number with the National Do Not Call Registry. You successfully registered your phone number ending in 7677 on January 06, 2005. Most telemarketers will be required to stop calling you 31 days from your registration date.

Visit https://www.donotcall.gov  to register another number or file a complaint against someone violating the Registry.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Please do not reply to this message as it is from an unattended mailbox. Any replies to this email will not be responded to or forwarded. This service is used for outgoing emails only and cannot respond to inquiries.

**EXHIBIT**

**PAGE**    C

9:53

←  Tom Thumb Pr... ⊘ ⋮



Helping you enjoy life's delicious moments.

Monday, Oct 6 • 12:53 PM

Get a FREE flu shot & save up to $20! Help protect yourself and save on groceries today. Txt STOP 2 end

12:53 PM


Stop.

12:58 PM ⊚

We're sorry, we don't recognize that ↓ word. Please try another or text

⊕  RCS message        ☺  ▨  ⑈



< ○ ❘▢❘

EXHIBIT D

PAGE 1

9:54



←  Tom Thumb Pr... ✓ ⋮

We're sorry, we don't recognize that keyword. Please try another, or text HELP for assistance. Msg&Data Rates May Apply. Txt STOP to end.

12:58 PM

Stop.

We're sorry, we don't recognize that keyword. Please try another, or text HELP for assistance. Msg&Data Rates May Apply. Txt STOP to end.

12:58 PM



⊕ RCS message   ☺  🖼  ᐧ�小

<  ○  |□|

EXHIBIT D
PAGE 2

9:54



← Tom Thumb Pr...  ✓  ⋮

Msg&Data Rates May Apply.
Txt STOP to end.

12:58 PM

Wednesday, Oct 22 • 11:36 AM

Oct 22-24! Friends and
Family discount! Clip this
digital coupon to get up to an
extra 10% off your online
order. Txt STOP 2 end

11:36 AM

My number is registered on
the DNC Registry. Stop all
solicitations.
10-22-2025

11:48 AM ✓✓

↓

We're sorry, we don't

⊕ RCS message    ☺  ☒  �🎙

<  ○  |◻|

**EXHIBIT** D

**PAGE** 3

9:54

←  Tom Thumb Pr... ☑ ⋮

solicitations.
10-22-2025

11:48 AM

We're sorry, we don't recognize that keyword. Please try another, or text HELP for assistance. Msg&Data Rates May Apply. Txt STOP to end.

11:56 AM

Friday, Oct 24 • 11:17 AM

Last chance! Friends and Family discount! Clip digital coupon for up to an extra 10% off your online order. Ends Oct 24! T. STOP 2 end

⊕ RCS message    ☺  🖼  ∿

<    O    |0|

EXHIBIT D
PAGE 4



← Tom Thumb Pr...

Friday, Oct 24 • 11:17 AM

Last chance! Friends and Family discount! Clip digital coupon for up to an extra 10% off your online order. Ends Oct 24! Txt STOP 2 end

11:17 AM

Wednesday, Nov 12 • 11:42 AM

For a limited time only, when you buy 2 Dr Pepper products, you'll get 2 FREE (of equal or lesser value). Txt STOP 2 end

11:42 AM

↓

Stop!!!!!

11:51 AM

⊕ RCS message    ☺    ▣    ⊪⊪

<    ○    |□|



**EXHIBIT** D

**PAGE** 5

9:56

←  Tom Thumb Pr... ⊘ ⋮

(of equal or lesser value). Txt STOP 2 end

Stop!!!!!

11:51 AM ⊘

We're sorry, we don't recognize that keyword. Please try another, or text HELP for assistance. Msg&Data Rates May Apply. Txt STOP to end.

11:51 AM

Stop!!!!!!!

11:52 AM ⊘

We're sorry, we don't recognize that keyword.

⊕ RCS message   ☺ ▣ ⑈

< ◯ |◻|

EXHIBIT D

PAGE 6



9:56

← Tom Thumb Pr... ✓ ⋮

We're sorry, we don't recognize that keyword. Please try another, or text HELP for assistance. Msg&Data Rates May Apply. Txt STOP to end.

11:52 AM

Thursday, Nov 13 • 12:38 PM



⊕ RCS message ☺ 🖼 �аᥣ᥊

< ○ |▯|

**EXHIBIT** D

**PAGE** 7

9:59



← Tom Thumb Pr...  ⊘  ⋮



**Try Uber One FREE!** 🚗🍔

Tom Thumb for U**TM** now includes a new perk! Get a 3-month Uber One extended free trial and save on eligible rides, deliveries and more. Terms apply. Txt STOP 2 end

🌐  Learn more

12:38 PM

Sunday, Nov 23 • 10:11 AM

Save 10% Cowboys fans! It's game time! 🏈 Rock your

⊕  RCS message    ☺  🖼  ᪵

<  ○  |◻|

**EXHIBIT** D

**PAGE** 8

9:59

← 🔵 Tom Thumb Pr...  ✓  ⋮

Sunday, Nov 23 • 10:11 AM

Save 10% Cowboys fans! It's game time! 🏈 Rock your jersey at Tom Thumb & crush 10% off your groceries. Let's ride! Txt STOP 2 end

10:11 AM

Friday, Nov 28 • 10:08 AM

Make spirits bright! Get 50% off holiday décor & lighting today with your digital offer. Txt STOP 2 end

10:08 AM

Thursday, Dec 4 • 12:12 PM

Save 10% Cowboys fans! It's

⊕ RCS message   ☺  🖼  ⑊

<   ○   |□|

EXHIBIT D
PAGE 9

9:59

←  Tom Thumb Pr...   ✓   ⋮

10:11 AM

Friday, Nov 28 • 10:08 AM

Make spirits bright! Get 50% off holiday décor & lighting today with your digital offer. Txt STOP 2 end

10:08 AM

Thursday, Dec 4 • 12:12 PM

Save 10% Cowboys fans! It's game time! 🏈 Rock your jersey at Tom Thumb & crush 10% off your groceries. Let's ride! Txt STOP 2 end

12:12 PM

🌐 Learn more

⊕ RCS message    ☺   🖼   ⬢

<   O   |□|

**EXHIBIT** D

**PAGE** 10

12:27

← Info & options



# Tom Thumb Promotions

Helping you enjoy life's delicious moments.

📞
Call

🌐
Website

Info                    Options

📞    **(877) 505-4040**
Call us at

🌐    **www.tomthumb.com/**
Visit us online

<       ○       |□|

EXHIBIT D
PAGE 11

JS 44   (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
JOE HUNSINGER

**DEFENDANTS**
ALBERTSONS COMPANIES, INC.

**(b)** County of Residence of First Listed Plaintiff   DALLAS
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   DALLAS
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

RECEIVED   vm   FEB 20 2026   CLERK U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS

3-26CV0558-X

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [X] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [X] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**
**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [X] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
USC 227
Brief description of cause:
VIOLATION OF THE TCPA

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE 2-20-2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE